[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These cases arose out of a collision of two automobiles which occurred at approximately 8:38 a.m. on June 29, 1994 on Lakewood Road, Waterbury, Connecticut. For ease of reference Docket No. CV96-01310635 Leo Guerrera vs. Deborah Blount is hereafter referred to as the "Guerrera case" and Docket No. CV94-01236815 Deborah Blount vs. Safeco Insurance Co. of America is hereinafter referred to as the "Blount case."
In the Guerrera case the plaintiff claims that the collision was caused by the negligence of the defendant and sets forth several specifications of negligence including, inter alia, CT Page 11386 failure to keep a reasonable and proper look out for other cars on the road; failure to drive right in violation of Section14-230A of the Connecticut General Statutes; and failure to keep her car under proper control. The defendant's answer is essentially a general denial of the plaintiff's negligence specifications.
In the Blount case the plaintiff claims that the collision was caused by an unknown motorist who cut her off and forced her into oncoming traffic causing the collision.
Each plaintiff was the sole occupant of their respective vehicles. Weather and the mechanical condition of the vehicles were not factors in causing the collision.
An evidentiary hearing was held on May 26, 1999. Although the cases were not consolidated all counsel agreed that for practical purposes the testimony of the parties would pertain to both cases. Testimony was taken from both parties. In addition, all exhibits were stipulated to including the Police Accident Report, a Summons and Complaint filed by Leo Guerrera against Allstate Insurance Co., photographs of the plaintiff's motor vehicle in the Guerrera case following the collision and medical bills and reports for Leo Guerrera and Deborah Blount.
The court makes the following findings of fact and conclusions of law:
1. In the Guerrera case the plaintiff was free from negligence in causing the collision and sustained personal injuries and losses;
2. In the Blount case the plaintiff sustained injuries and losses as a result of the collision;
3. The collision occurred in the approximate vicinity of 580 Lakewood Road;
4. The plaintiff Guerrera was traveling in an easterly direction on Lakewood Road and was proceeding uphill in one lane of travel;
5. The plaintiff Blount was traveling in a westerly direction on Lakewood Road in the outer (left) lane of travel and reached the crest of the hill which the plaintiff Guerrera was proceeding CT Page 11387 up in an easterly direction;
6. Both operators were familiar with Lakewood Road, particularly in the vicinity of the collision;
7. The point at which the plaintiff Blount entered Lakekwood Road was between 1-2 miles east of the area where the collision occurred;
8. The plaintiff Blount entered the outer (left) lane of Lakewood Road and stayed in the left lane until the collision;
9. The plaintiff Blount's own testimony was that she stayed in the outer (left) lane because another vehicle was in the inner (right) lane and at times ahead of her vehicle, even with her vehicle or behind her vehicle and for the entire distance (between 1-2 miles) she never attempted to move to the right (inner) lane;
10. The plaintiff Blount's vehicle crossed the center line of Lakewood Road and collided into the plaintiff Guerrera's vehicle;
11. Other than the plaintiff Blount no one observed her vehicle being forced from her lane of travel.
The court concludes that the specification of negligence in the Guerrera case set forth in paragraph 2 of this memorandum have been proven and finds in favor of the plaintiff as to liability. This conclusion is dispositive of the Blount case.
In the Guerrera case judgment may enter in favor of the plaintiff and damages are awarded as follows:
Economic damages $ 4,322. 19
General damages 35,000.00
Total $ 39,322. 19
JOHN R. CARUSO, J.